UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BRAD MILLER AND FELICIA MILLER                           PLAINTIFFS

VS.                                    CIVIL ACTION NO. 3:05cv567LS

U.S. RURAL HOUSING SERVICE AND
GEORGE CONEY                                             DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on motion of defendant the United States Rural Housing Service to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or alternatively, for summary judgment pursuant to Rule 56. Plaintiffs Brad and Felicia Miller have responded in opposition. Having considered the memoranda of the parties, the court concludes that plaintiffs' claims against the U.S. Rural Housing Service are due to be dismissed.

In October 2003, Brad and Felicia Miller borrowed $71,000 from the United States Department of Agriculture (USDA) for the construction of a home through the United States Rural Housing Service (RHS). Plaintiffs contracted with defendant George Coney to construct their home in Pike County, Mississippi. According to their complaint, Coney constructed the home based on plans and specifications provided by RHS. The home was completed in February 2004, and shortly thereafter, plaintiffs began noticing problems with their new home, which they attributed to poor construction. They contend that they addressed their complaints in a letter to Coney and provided a copy to RHS. Plaintiffs

allege that both Coney and RHS have failed to "acknowledge
Plaintiffs' complaints as being valid and covered by their
agreement" and have refused to "correct the problems although
Plaintiffs have made demand therefor."  On September 16, 2005,
plaintiffs filed suit in this court against RHS and Coney,
alleging claims of negligent construction, breach of implied
warranty of habitability, fraud in the inducement, bad faith
breach of contract, and fraudulent and negligent misrepresentation
and seeking $100,000 in compensatory and punitive damages.  RHS
has filed the instant motion to dismiss, asserting that plaintiffs
have failed to exhaust their administrative remedies under the
Federal Tort Claims Act (FTCA).  Alternatively, RHS has moved for
summary judgment.

RHS contends that plaintiffs neglected to present a written
claim for money damages in a sum certain to RHS or the USDA prior
to filing suit, and therefore, because all five counts of their
complaint sound in tort, their claims against RHS should be
dismissed for failure to exhaust their administrative remedies as
required by the FTCA.  The United States is immune from suit
except when it waives immunity by consent.  <u>Cross v. U.S.,</u>  159
Fed. Appx. 572, 575 (5th Cir. 2005).  "The FTCA provides consent
for suit against the United States 'for injury or loss of
property, or personal injury or death caused by the negligent or
wrongful act or omission of any employee of the Government while

acting within the scope of his office or employment.'" Id.

(quoting 28 U.S.C. § 1346(b)(1)).

> Under the FTCA, a plaintiff must give notice of his
> claim to the appropriate federal agency. 28 U.S.C.
> § 2675(a); Transco Leasing Corp. v. United States, 896
> F.2d 1435, 1441, amended on other grounds, 905 F.2d 61
> (5th Cir. 1990). Furnishing notice is a jurisdictional
> prerequisite to filing suit under the FTCA. Id. A
> claimant gives proper notice within the meaning of
> § 2675(a) only when the agency obtains sufficient
> written information to begin investigating and the
> claimant places a value on his claim. Id. at 1442. No
> particular method of giving notice is required.
> Williams v. United States, 693 F.2d 555, 557 (5th Cir.
> 1982); Crow v. United States, 631 F.2d 28, 30 (5th Cir.
> 1980). The usual method, however, is by filing a Form
> 95 with the agency. Id.

Cook v. U.S. on Behalf of U.S. Dept. of Labor, 978 F.2d 164, 165

(5th Cir. 1992). In support of their position, defendants have

presented a declaration from Kenneth E. Cohen, Assistant General

Counsel with the USDA, in which he states that the USDA has not

received a Form 95 from plaintiffs or any other written

notification of a claim for money damages in a sum certain arising

out of these circumstances.

In response, plaintiffs have submitted Brad Miller's

affidavit, in which he explains that he made several complaints to

Janice Smith, who worked in the local USDA office in Magnolia,

Mississippi, and that she advised him to write a letter to Coney,

outlining the defects in the home, and to provide a copy to the

USDA, which he did. Mr. Miller states that when he did not

receive a response from Coney, he again contacted Smith, who came

out to his house and inspected the property. Several weeks later,

3

he again spoke with Smith, who told him there was nothing that RHS could do.

In rebuttal, the government maintains that plaintiffs have failed to provide any documentation showing they presented an adequate administrative claim, meaning one that asserts a claim for money damages in a sum certain, or showing that the agency denied their claim prior to filing suit.  See <u>Frantz v. U.S.</u>, 29 F.3d 222, 224 (5th Cir. 1994)("Section 2675(a) is satisfied . . . 'if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.'")(quoting <u>Adams v. United States</u>, 615 F.2d 284, 289, <u>clarified</u>, 622 F.2d 197 (5th Cir. 1980)).  The court agrees that plaintiffs have failed to present evidence that they placed a value on their claim, and as such, concludes that plaintiffs' claims against RHS are due to be dismissed based on their failure to exhaust their administrative remedies under the FTCA.[1]

---

[1] Also in their response, plaintiffs contend for the first time that they are seeking redress of their grievances under the guidelines set forth in 7 C.F.R. § 1924.259, which describes the procedure for handling construction defect complaints, and that Brad Miller's letter to Coney substantially complied with this section.  <u>See</u> <u>also</u> 42 U.S.C. § 1479(c) (providing that "[d]ecisions by the Secretary regarding . . . expenditures or payments [respecting construction defects] under this subsection, and the terms and conditions under which the same are approved or disapproved, shall not be subject to judicial review").  In rebuttal, the government correctly points out that this section is distinct from the FTCA and further argues that even if their claims were not due to be dismissed under the FTCA, plaintiffs would be limited to the exclusive remedy provided by 42 U.S.C. § 1479(c) and any decision by the agency would not be subject to

Furthermore, while not urged by the government, the court notes that several exceptions limit the waiver of immunity under the FTCA.  In particular, the intentional tort exception provides that the FTCA does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).  See Cross, 159 Fed. Appx. at 575.  Accordingly, the court finds that plaintiffs' fraudulent misrepresentation claim is barred by sovereign immunity.

Based on the foregoing, the court concludes that plaintiffs' claims against the U.S. Rural Housing Service should be dismissed.

SO ORDERED this 18th day of April, 2006.


                                        /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE

---

judicial review.  As explained by the court in Manstream v. U.S. Dept. of Agriculture, 649 F. Supp. 874, 882 (M.D. Ala. 1986), "the FmHA program includes an administrative procedure by which borrowers may recover compensation for certain construction defects, and this remedy is explicitly made final and nonreviewable."  Moreover, the court in Manstream held that "Congress intended the construction benefits program under 42 U.S.C. § 1479(c) to provide the exclusive means by which borrowers may recover compensation for construction defects on FmHA-financed housing."  Id.